# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2010 MAY -4 A 9 49

JON W. SANFILIPPO, CLERK
MAIL-REC'D

Kevin Scheunemann,
                    **Plaintiff,**              Court File No.: 2:09-cv-1134

v.

Associated Creditors Exchange, Inc. aka ACE,
                    **Defendant.**

## Motion to Strike Defendant's Affidavit of Matthew J. Berardi & opposition to judgment on the pleadings

## Motion to Strike affidavit of Matthew J. Berardi

Plaintiff Kevin Scheunemann moves to strike this affidavit from the record.

## Argument of law in favor of motion to strike

Matthew J. Berardi attempts to testify as a firsthand witness of the agreement between Kevin Scheunemann and U.S. Bank. Mr. Berardi's affidavit violates the rules of evidence under Wis. Stat. § 908.03 (6) and *Palisades Collection LLC vs. Kalal* 2010 WI APP 38. Mr. Berardi is not an employee of U.S. Bank and is not qualified to testify to the records of U.S. Bank. Mr. Berardi not only failed to testify he was a custodian of records for U.S. Bank, he failed to testify he was a *qualified custodian* of records for U.S. Bank under the *Palisades Collection LLC vs. Kalal* standard.

Mr. Berardi's failure to be a *qualified custodian* of records for U.S. Bank makes his entire affidavit a nullity and demands it be stricken from the record. Mr. Berardi cannot witness for the agreement and transactions between U.S. Bank and Mr. Scheunemann and does not meet any of the business record exceptions for hearsay.

## Opposition to Defendant's motion for "judgment on the pleadings"

Defendant's entire argument for this motion comes down to their erroneous affidavit from a pretend witness of a non-employee of U.S. Bank who is not a *qualified custodian* of records alleging this is a commercial debt for collection.

Even if we take the affidavit of Matthew J Berardi as legitimate, it misses the point. The FDCPA determines commercial vs. consumer debt by the *transaction,* not by the alleged account designated use. Mr. Berardi only testifies to the alleged designation of the account, not the *transactional use* of the account. The FDCPA provides:

> 1692 (a) (5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

Mr. Scheunemann has clearly testified in his affidavit the *transactions* on this account were "primarily used for personal, household, and family purposes."[1] The *transactions on the account* are what matter, not the designated account use when it comes to making the "commercial" vs. "consumer" designation Mr. Berardi is not remotely qualified, under rules of evidence, to provide testimony as to the nature of the transactions on the underlying account. Only Mr. Scheunemann's testimony is qualified to characterize the *transactions* on the underlying U.S. Bank account.

Irregardless, the defendant has no basis for dismissing the Wis. Stat. § 100.18 claim. The Wisconsin Deceptive Trade Practice Act covers both *commercial* and *consumer* representations. It is more

---

[1] **Affidavit of Kevin Scheunemann, ¶ 4.**

expansive in coverage than the FDCPA and WCA when it comes to the nature of the transactions and representations.

## Conclusion

**1.) Plaintiff's motion to Strike the Affidavit of Mr. Berardi: GRANTED.**

*2.)* **Defendants motion for judgment on pleadings:  DENIED.**

*3.)* **Plaintiff's motion for partial summary judgment: GRANTED.**

**Dated in Washington County, Wisconsin this** $\underline{3rd}$ **day of** $\underline{May}$ **2010.**

By:

**Kevin  Scheunemann**
**210 Dream Catcher**
**Kewaskum, WI  53040**
**262-339-5425**
**kewaskumdq@verizon.net**

4

## Certificate of service

I, Kevin Scheunemann, certify that _____, 2010, I mailed a true and correct copy of the above pleading to: ACE's Wisconsin legal counsel.

Kevin Scheunemann

**Please send a copy of all notices and correspondence to:**

Kevin Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI 53040