UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN SCHEUNEMANN
          Plaintiff,

          v.                                    Case No. 2:09-cv-1134
                                                Chief Judge Charles N. Clevert, Jr.
ASSOCIATED CREDITORS
EXCHANGE, INC., a/k/a ACE
          Defendant.

## *RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT*

Defendant Associated Creditors Exchange, Inc. by and through its attorneys

Robert S. Phillips and Scott G. Thomas of Thomas & Associates submits its response to

plaintiff's partial motion for summary judgment.  With respect to said response, this

defendant states as follows:

Issues: Plaintiff has filed a motion entitled *Motion of Partial Summary Judgment.*

Notwithstanding, it would appear from said motion that plaintiff is seeking summary

resolution on the issues of liability as well as damages.  Therefore, the issues before the

court is whether or not plaintiff has proved liability based upon one or more of the five

counts set forth in his complaint and proved his claims for damages in accordance with

the substantive law governing the theory for recovery in each count and the procedural

law governing the burden of proof he must meet for summary judgment.

Law:   This Court should only grant summary judgment if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with any

affidavits, show that there is no genuine issue as to any material fact and that Mr.

Scheunemann is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). <u>Celotex</u>

<u>Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Argument:

Defendant's Motion for Judgment on the Pleadings:  This defendant has

previously filed a motion for judgment on the pleadings which, procedurally, should be

ruled upon first inasmuch as it is dispositive.  Therefore, defendant adopts and restates its

motion for judgment on the pleadings along with all supporting documentation which

posits:

1)    That both Counts I and II of plaintiff's complaint purport to state causes of

action based upon violations of the Wisconsin Consumer Act – Debt Collection,

Wis. Stats. § 427.101, et seq., and the Fair Debt Collection Practices Act 15

U.S.C. § 1692, et seq., respectively.

2)    That the debt defendant attempted to collect arose from a commercial

loan, not a consumer transaction.  Therefore, neither statute applies and these

counts should be dismissed.  Further, since Counts III, IV and V are derived from

Counts I and II, they should be dismissed as well.

Plaintiff's List of Undisputed Facts are Disputed:  While defendant would admit

or concede to some of the 38 paragraphs or portions thereof in the section entitled *Listing*

*of Undisputed Facts*, it certainly does not admit or concede to the majority of paragraphs

as specifically alleged.  These are ripe with (1) inaccurate facts, (2) self serving

subjective thoughts and representations, and (3) conclusions of law with which this

defendant does not agree to and are too numerous to delineate.  Further, in as much as

this defendant contests the alleged undisputed facts, this by definition renders plaintiff's motion defective as there are patently obvious genuine issues as to many material facts.

Plaintiff's Supporting Affidavit:  The plaintiff's affidavit does not meet the criteria set forth in Rule 56 of the Federal Rules of Civil Procedure inasmuch as it patently contains:

1)      representations not within affiant's knowledge;

2)      facts and conclusions of law which would not be admissible in evidence; and,

3)      matters which affiant would not be competent to testify to at the time of trial.

Motion Premature:      This defendant has yet had the opportunity to conduct any written or oral discovery.  To proceed with plaintiff's motion for summary judgment without affording the defendant an opportunity to conduct any discovery would be unfair and prejudicial.

WHEREFORE:  Defendant Associated Creditors Exchange, Inc. prays that the court enter an order granting denying the plaintiff's partial motion for summary judgment and to enter such other relief deemed appropriate.

Dated this 25th day of May, 2010.

THOMAS & ASSOCIATES

Robert S. Phillips, SBN 1023660
Scott G. Thomas, SBN 1004014
Attorneys for Defendant,
Scott.Thomas@chartisinsurance.com
Robert.Phillips2@chartisinsurance.com

*P.O. ADDRESS:*

14355 West Meadowshire Court
New Berlin, Wisconsin 53151
TEL:   262-641-5736
FAX:   866-794-4702

**PROOF OF SERVICE**

I hereby certify that on May 25, 2010, I served
an exact copy of the within document including
all attachments on parties as indicated below by
email and U.S. First Class Mail pursuant to Fed. R. Civ. P. 5.

By _____
THOMAS & ASSOCIATES

TO:      Kevin Scheunemann, pro se plaintiff